

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*                                    *(302) 573-6277*
*1007 N. Orange Street, Suite 700*            *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

February 6, 2007

The Honorable Sue L. Robinson
Chief U.S. District Judge
U.S. District Court
844 King Street
Wilmington, DE 19801

> Re:    **United States v. Miguel Balmaceda-Vazquez**
>         **Criminal Action No. 07-02-SLR**

Dear Chief Judge Robinson:

Edson Bostic, counsel for the defendant, has informed me that the defendant has accepted the Government's plea offer. Therefore, the parties respectfully request that a change of plea hearing be scheduled. A copy of the proposed Memorandum of Plea Agreement is attached.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:    Beth Mr Schnoll

Beth Moskow-Schnoll
Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,                      :
                             :
              Plaintiff,                :
                             :
       v.                                    :        Criminal Action No. 07-02-SLR
                             :
MIGUEL BALMACEDA-VAZQUEZ,                     :
                             :
             Defendant.             :

## <u>MEMORANDUM OF PLEA AGREEMENT</u>

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Miguel Balmaceda-Vazquez, by and through his attorney, Edson Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1.     The defendant, Miguel Balmaceda-Vazquez, agrees to plead guilty to Count One of the Indictment charging him with reentry after deportation in violation of Title 8, United States Code, Section 1326(a) and (b)(1), which carries a maximum penalty of imprisonment for not more than 10 years, a $250,000 fine, or both, 3 years of supervised release, and a $100.00 special assessment.

2.     The defendant understands that the elements of the offense to which he is pleading guilty are that: (a) the defendant was deported; (b) the defendant subsequently was found in the U.S.; and (c) the Undersecretary for Border and Transportation Security, Department

of Homeland Security, had not consented to the defendant's reentry or such consent was not required.

3.     The defendant agrees to pay the $100 special assessment at the time of sentencing.

4.     Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under USSG §3E1.1(a) based on the defendant's conduct to date.

5.     The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

6.     The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

7.     It is further agreed by the parties that this Memorandum supersedes all prior

2

promises, representations, and statements of the undersigned parties; that this Memorandum may

be modified only in writing signed by all the parties; and that any and all promises,

representations and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever, unless they comport with the subsequent written modification

requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

Miguel Balmaceda-Vazquez          BY:
Defendant

Beth Moskow-Schnoll
Assistant United States Attorney

Edson Bostic
Attorney for Defendant

Dated: 1/26/0ꞔ

**AND NOW,** this ___ day of _____, 2007, the foregoing Memorandum of

Plea Agreement is hereby  (accepted) (rejected) by this Court.

HONORABLE SUE L. ROBINSON
Chief United States District Court Judge

3